FILED
United States Court of Appeals
Tenth Circuit

March 28, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MONICA GALE SMART,

Defendant-Appellant.

No. 14-3016
(D.C. No. 5:12-CR-40094-JAR-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

---

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Monica Gale Smart's plea agreement. The

defendant pleaded guilty to one count of mail fraud, in violation of 18 U.S.C. § 1341.

According to the plea agreement, the maximum sentence the district court could

impose for this offense was "not more than 20 years of imprisonment, a $250,000

---

[*]     This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

fine, 5 years of supervised release, restitution of $160,000, and a $100 mandatory special assessment." Mot. to Enforce, Attach. C (Plea Agreement) at 1. The district court calculated defendant's advisory guidelines sentencing range as 21 to 27 months' imprisonment. The court imposed a sentence of 21 months' imprisonment, followed by three years of supervised release. The court also ordered the defendant to pay a $100 special assessment and $160,000 in restitution. In exchange for her guilty plea, the government agreed to dismiss the remaining counts in the indictment.

In her plea agreement, the defendant acknowledged that she "is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed." Mot. to Enforce, Attach. C (Plea Agreement) at 7. By entering into the plea agreement she "knowingly and voluntarily waive[d] any right to appeal . . . any matter in connection with this prosecution, [her] conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release," and she "knowingly waive[d] any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court." *Id.* "In other words, the defendant waive[d] the right to appeal the sentence imposed in this case except to the extent, if any, the court departs or varies upwards from the applicable sentencing guideline range determined by the court." *Id.* at 8.

The government filed a motion to enforce the plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In evaluating a motion to enforce a waiver, we consider: "(1) whether the disputed appeal falls

within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived [her] appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325.

The defendant's counsel filed a response to the government's motion, conceding that the defendant's guilty plea and her appeal waiver were knowing and voluntary. Her counsel agrees that the court should enforce the appeal waiver and dismiss the defendant's appeal. Counsel also requests permission to withdraw from representing the defendant pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). This court gave the defendant an opportunity to file a pro se response to the motion to enforce. *See id.* To date, she has not filed any response.

Under *Anders*, we have reviewed the motion and the record and we conclude that the defendant's appeal waiver is enforceable. Accordingly, we grant the government's motion to enforce, grant counsel's motion to withdraw, and dismiss the appeal.

Entered for the Court
Per Curiam